NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THABANI MULLER | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-825 (DMC) |
| ST. JOSEPH'S MEDICAL CENTER, HARBOR HOUSE, HENRY KOWAL, IGOR GEFTER, JOSHUA BRANSFORD, MANAGAHIRA THIMAIAH, NANCY SMITH, JOSEPHINE CARPENTER, LAUREN DEPORTE, GEORGE VOYAGER, RUTH HEROLD, CAROL LAGERSTROM *et al.*, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by St. Joseph's Medical Center, Harbor House, Henry Kowal, Igor Gefter, Joshua Bransford, Managahira Thimaiah, Nancy Smith, Josephine Carpenter, Lauren DePorte, George Voyager, Ruth Herold, and Carol Lagerstrom (collectively, "Defendants") for summary judgment under Fed. R. Civ. P. 56(c). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Defendants' motion for summary judgment is **granted**.

**I.      Background**[1]

*Pro se* Plaintiff Thabani Muller brings statutory and constitutional claims against Defendants arising out of Plaintiff's residence at and discharge from St. Joseph's Medical Center. On or about November 8, 2004, Plaintiff sought treatment at St. Joseph's in the Regan II Psychiatric Unit.  After receiving psycho tropic medication treatment for approximately ten to fourteen days, Plaintiff was discharged to the Harbor House, an entity of St. Joseph's Medical Center.  Plaintiff alleges that he was informed by his attending physician that he would continue to receive medication management while at Harbor House.

Upon arriving at Harbor House, Plaintiff alleges that he neither received medication nor was seen by a doctor for thirty days.  Plaintiff also alleges that Defendant Lagerstrom saw him "decomposed" and "talking to himself."  After thirty days at Harbor House,  Plaintiff was seen by a doctor but denied admission to the hospital.  Thereafter, he allegedly became psychotic, assaulted staff members, and was eventually arrested.

On or about January 6, 2007, Plaintiff filed a medical malpractice action in New Jersey state court against St. Joseph's Medical Center, Harbor House, Carol Lagerstrom (improperly plead as Karen Lagerstrom), Joshua Bransford (improperly plead as Joshua Branson), Nancy Smith, Managahira Thimaiah, Josephine Carpenter, Henry Kowal, Igor Gefter, Michelle Poole, and Donald Volkman. Plaintiff alleged that he had received medication for only two weeks following discharge from St. Joseph's, and that, thereafter, he received no additional medication from Harbor House. Plaintiff further claimed that the denial of medication caused him to become psychotic, for which

---

[1] The facts set forth in this Opinion are taken from the facts set forth in the parties' pleadings in their respective moving papers.

he requested a $20 million judgment. The state court action was dismissed with prejudice on September 7, 2007 because Plaintiff had failed to file an affidavit of merit as required under N.J.S.A. 2A:53A-27. Plaintiff's motion for reconsideration was also denied by the state court on April 26, 2008.

On February 15, 2008, Plaintiff filed the instant Complaint in this Court seeking relief based upon the same facts that formed the basis of his previously dismissed state court action, though adding federal claims for deprivation of federal rights and disability discrimination. The federal action alleges that Defendants' failed to keep Plaintiff properly medicated while at Harbor House, and that his release from St. Joseph's Medical Center and subsequent denial of treatment was discriminatory behavior based upon his disability.

Currently before the Court is Defendants' motion for summary judgment. Defendants argue that they are entitled to summary judgment because Plaintiff's claims are barred by *res judicata*. Plaintiff responds that he is not merely attempting to re-litigate his claims because he has pled new claims alleging a deprivation of federal rights.

## II.     Standard of Review

### A.     Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that no genuine issue of fact exists. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate

burden of persuasion, which always remains on the moving party." Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990).  Importantly, however, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences— including issues of credibility—in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

      B.    Pro Se Standard

Pleadings drafted by a *pro se* plaintiff are held to "less stringent standards" than those drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1971).  Such documents are to be "liberally construed," and may not be dismissed merely "on the ground that petitioner's allegations of harm were too conclusory." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

**III.   DISCUSSION**

Summary judgment is appropriate in this case because Plaintiff's claims are barred by *res judicata*.  The doctrine of *res judicata* bars litigants from re-litigating claims or issues that have previously been adjudicated.  Velazquez v. Fronz, 123 N.J. 498, 505 (1991).  Federal courts are required to give state court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Balthazar v. Atl. City Med. Ctr.,

-4-

137 Fed. App'x 482, 488 (3d Cir. 2005). Under New Jersey law, *res judicata* applies to bar further claims where: (1) the judgment in the state court action is "valid, final, and on the merits"; (2) the parties named in the action are "identical to or in privity with" those in the state court action; and (3) any claims in the current case "grow out of the same transaction or occurrence" as the claims in prior state court action. Id. at 491.

Here, all three elements of *res judicata* are easily satisfied. Little doubt exists, for example, that the state court adjudication was "valid, final, and on the merits." While Plaintiff argues that the dismissal with prejudice of his state court action for failing to file an affidavit of merit is only a "procedural default" and cannot constitute an adjudication "on the merits," his argument is directly refuted by the Third Circuit's finding that "a judgment of involuntary dismissal or a dismissal with prejudice constitutes adjudication on the merits as fully and completely as if the order had been entered after trial." See, e.g., id. at 489 (finding that dismissal with prejudice for failure to file an affidavit of merit constitutes adjudication on the merits) (quoting Velasquez, 123 N.J. at 507).

Furthermore, the parties named in this action are virtually "identical to" those in the state court action, with only minor, apparently immaterial differences. In Plaintiff's state court action, for example, the named defendants were St. Joseph's Medical Center, Harbor House, Carol Lagerstrom (improperly plead herein as Karen Lagerstrom), Joshua Bransford (improperly plead herein as Joshua Branson), Nancy Smith, Managahira Thimaiah, Josephine Carpenter, and Donald Volkman. In this action, Plaintiff has sued the exact same parties, altered only by the additions of Laura DePorte and George Voyager and the deletions of Michelle Poole and Donald Volkman. Because Plaintiff has not argued that these changes prevent preclusion, however, and because the

Court sees no other reason to make such a finding, the Court finds that the parties in the federal action are "identical to" those in the state court action.

Finally, Plaintiff's federal claims clearly "grow out of the same transaction or occurrence" as his claims in the state court action. Plaintiff's state court malpractice claims arose out of his commitment to and treatment at the St. Joseph's Medical Center and Harbor House facilities. His federal claims, while not expressly grounded in malpractice, are nonetheless based on the same set of facts, and should have been raised in the state court action. Accordingly, because the Court finds that Plaintiff is barred by *res judicata* from re-litigating his claims, summary judgment is appropriate.

**IV.     Conclusion**

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted**.

                                                      S/ Dennis M. Cavanaugh
                                                      Dennis M. Cavanaugh, U.S.D.J.

Date:       April  6 , 2009
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File